IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MARTIN BACA,

        Petitioner,

vs.                                       CIVIL NO. 99-755 JP/LFG

JOE WILLIAMS, Warden, Lea County
Correctional Facility; and ATTORNEY
GENERAL FOR THE STATE OF
NEW MEXICO,

        Respondents.

## MAGISTRATE JUDGE'S FINDINGS AND RECOMMENDED DISPOSITION[1]

THIS MATTER is before the Court on Respondents' Motion to Dismiss Petition for Writ of Habeas Corpus With Prejudice [Doc. 10]. The motion was served on August 10, 1999. Petitioner, Martin Baca ("Baca"), failed to file any response in opposition to the motion. The failure to file a response to a motion constitutes consent to the grant of the motion. D.N.M.LR-Civ. 7.5(b). Accordingly, the Court concludes Baca consents to the motion by his failure to oppose it. Therefore, the motion should be granted.

Notwithstanding the grant of the motion based on Baca's consent, the Court will review the motion on its merits.

---

[1] Within ten (10) days after a party is served with a copy of these proposed findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such proposed findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the proposed findings and recommendations. If no objections are filed, no appellate review will be allowed.

**<u>Findings</u>**

1. The Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA") statute of limitation provision, 28 U.S.C. § 2244(d)(1) reads as follows:

> 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review . . . or
> >
> > (B) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

2. The AEDPA's one-year limitation is not jurisdictional, but is in the nature of a statute of limitations. Thus, for purposes of determining whether Baca filed his petition within the applicable period, the Court must consider the date on which Baca's Section 2254 petition was filed and must toll periods of time spent pursuing state collateral review pursuant to 28 U.S.C. § 2244(d)(2); <u>Hoggro v. Boone</u>, 150 F.3d 1223 (10th Cir. 1998). This subsection provides that the time during which a properly filed application for state review is pending is not to be counted toward the one-year statute of limitations.

3. There is no dispute that this petition was filed after the AEDPA's effective date of April 24, 1996. Thus, there is no issue concerning whether an alternate filing date is applicable. <u>Hoggro v. Boone</u>.

4. The record demonstrates that Baca's did not file an appeal and his conviction was final on September 17, 1997, the date on which the time for seeking direct review expired. (Answer, Ex. A); 28 U.S.C. § 2244(d)(1)(A), Rule 12-201(A), N.M.R.A. 1999.

5. Therefore, Baca's petition for habeas relief should have been filed no later than October 18, 1998, one year from the date on which his conviction became final.

6. Baca is entitled to toll the one-year period during the time his state collateral petition for review was pending. Section 2244(d)(2).

7. A review of the record demonstrates that Baca's first habeas petition was filed on January 27, 1998, and denied on January 28, 1998. No petition for a writ of certiori from the denial of that petition was filed. Therefore, Baca is entitled to toll one day from the one-year statute.

8. More than a year later, on March 16, 1999, Baca filed a motion for an amended state writ of habeas corpus. This petition was denied on the same date, March 16, 1999. (Answer, Ex. F & G). Thereafter, Baca filed petitions for a writ of certiori and both petitions were denied within thirty days. (Answer, Ex. H through K). The last petition was denied by the New Mexico Supreme Court on April 26, 1999.

9. Granting Baca the benefit of any doubt concerning tolling, his second state habeas petition was pending from March 16, 1999 until April 26, 1999, a total of forty-one days; those forty-one days, plus the initial one-day period to which he was entitled based on his January 27, 1998 petition, Baca would be entitled to a maximum tolling period of forty-two days. Adding the forty-two days to the initial one-year statute of limitations, Baca was required to file his Section 2254 petition no later than November 29, 1998. Baca's petition was not filed until July 6, 1999. Thus, it is significantly beyond the one-year time period.

10. The AEDPA's one-year limitations period is not jurisdictional. Rather, it is in the nature of a statute of limitations, and may be subject to equitable tolling. See Miller v. Marr, 141 F.3d 976, 978 (10th Cir. 1998). However, Baca fails to show that "there was an impediment created by a

governmental action, . . . and [that] it prevented [him] from filing his motion in time." United States v. Glover, (table text in Westlaw, No. 97-5158) 1998 WL 453674 @ *1 (10th Cir., Aug. 5, 1998); see also, Johnson v. U.S. Postal Service, 861 F.2d 1475, 1481 (10th Cir. 1988).

11. Baca provides no evidence or information from which the Court can conclude that any other period of equitable tolling is appropriate.

12. The Court concludes that Baca's petition for writ of habeas corpus is untimely.

## Recommended Disposition

That Respondents' motion to dismiss be granted and that the petition be dismissed with prejudice.

                                                                                     _____
                                                                                     Lorenzo F. Garcia
                                                                                     United States Magistrate Judge

PETITIONER:
Martin Baca, pro se

ATTORNEY FOR RESPONDENTS:
Martha Anne Kelly, Esq.